IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD ALAN ZOCHLINSKI,

    Plaintiff,

vs.

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, et al.,

    Defendant.

No. CIV S-09-0185 FCD EFB PS

ORDER

_____/

    Plaintiff is proceeding *pro se* in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1).

    Presently pending on this court's law and motion calendar for Wednesday, April 8, 2009, are defendants' motions to dismiss, Dckt. Nos. 12, 16, and 17. Pursuant to E. D. Cal. L. R. ("Local Rule") 78-230, plaintiff's opposition(s) should have been filed in this court on or before March 18, 2009, and served upon defendants fourteen to seventeen days before the hearing, depending on method of service.[1] Local Rule 78-230(c) provides that "[n]o party will be entitled

---

[1] Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be personally served upon the moving party, and filed

1

1  to be heard in opposition to a motion at oral arguments if opposition to the motion has not been
2  timely filed by that party." Local Rule 78-230(g) provides in pertinent part that "[r]equests for
3  continuances of hearings on the motion calendar, upon stipulation or otherwise, shall be made
4  . . . at least five (5) court days prior to the scheduled hearing date."

Following expiration of each of these deadlines, on March 27, 2009, plaintiff filed a motion for extension of time within which to file his opposition(s), a motion for extension of the scheduling of this case to permit additional time to serve process upon other defendants, and a motion for appointment of counsel. Plaintiff seeks continuance of the hearing on the pending motions to dismiss until June 15, 2009, or later, based on several factors but most significantly his current medical problems, for which he has provided documentation.

Defendants University of California et al., have filed a statement of nonopposition to continuance, but suggest that plaintiff be directed to present his responses orally on the currently scheduled hearing date.

Fed. R. Civ. P. 6(b) provides in pertinent part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In light of plaintiff's medical problems, the court grants his request to continue the hearing date on the instant motions (thus extending the time within which plaintiff may file his opposition(s) thereto). Hearing on defendants' motions will be continued to June 17, 2009, as set forth below.

////

---

with this court, no later than fourteen days preceding the noticed hearing date, or, in this case, by February 11, 2009. Mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date. Local Rule 78-230(c).

2

However, plaintiff's request for appointment of counsel, pursuant to 28 U.S.C. § 1915(e),[2] will be denied for the following reasons. (While this case was removed by defendants from state court, and therefore plaintiff did not file this action pursuant to the *in forma pauperis* application process authorized by section 1915, the court nonetheless applies the same analysis.)

"28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). The court may *request* that counsel accept representation of an individual under section 1915(d) only under "exceptional circumstances." *Id.* at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id.* (citations and internal quotations omitted); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

This civil rights action, as currently presented and naming over fifty defendants, does not appear to meet either threshold criteria. The allegations of the complaint fail to demonstrate, on their face, a compelling likelihood of success on the merits, and plaintiff, by his own admission, is a frequent litigator. Review of this court's docket alone indicates several cases in which Mr. Zochlinski is plaintiff, and he states that he has several cases currently pending in Yolo County Superior Court. Plaintiff appears particularly capable of articulating his own legal claims. The request for appointment of counsel will therefore be denied.

////

////

---

[2] 28 U.S.C. § 1915(e) provides, "The court may request an attorney to represent any person unable to afford counsel."

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for extension of time, Dckt. No. 21, is granted.

2. The hearing on the currently pending motions to dismiss, set forth at Dckt. Nos. 12, 16, and 17, is continued to Wednesday, June 17, 2009, at 10:00 a.m., in Courtroom No. 25.

3. Plaintiff's request for appointment of counsel, Dckt. No. 20, is denied.

SO ORDERED.

DATED: April 1, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE