1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HOWARD ALAN ZOCHLINSKI,

11          Plaintiff,                    No. CIV S-09-0185 FCD EFB PS

12          vs.

13   THE REGENTS OF THE UNIVERSITY
     OF CALIFORNIA, et al.,               ORDER AND
14                                        FINDINGS AND RECOMMENDATIONS
            Defendants.
15   _____/

16          Presently pending are three motions to dismiss plaintiff's complaint pursuant to Rule

17   12(b)(6), Federal Rules of Civl Procedure ("Fed. R. Civ. P.") submitted for decision on the

18   papers on June 9, 2009.  Dckt. Nos. 12, 16, 17.  Plaintiff also filed a request to proceed in forma

19   pauperis on May 19, 2009.  Dckt. No. 29.  For the following reasons, the court recommends that

20   plaintiff's complaint be dismissed with prejudice.

21   BACKGROUND

22          Plaintiff, who proceeds pro se, filed this action on March 28, 2008, in the Yolo County

23   Superior Court.  He alleges a conspiracy by various officials of the University of California,

24   ////

25   ////

26   ////

1

the City of Davis and Yolo County to harass him.[1]  On January 21, 2009, defendants Regents of

the University of California, Larry Venderhoef and Jeffrey Gibeling ("University Defendants"),

removed this pro se action from the Yolo County Superior Court.  Dckt. No. 1.  The next day,

defendants McDonough Holland & Allen PC, Harriet Steiner, Seth Merewitz and Kara Ueda

("Law Firm Defendants") and defendants City of Davis, Lorrie Thornton, Mark Wood, Elvia

Garcia-Ayala, Don Saylor, William Emlen, Tanya Nakatani, Steven Pierce, Katherine Hess and

County of Yolo ("Local Defendants") joined in the removal of this action from state court.  Dckt.

Nos. 4, 5.  The defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

As a threshold matter, the complaint fails to conform to the pleading requirements of Fed.

R. Civ. P. 8.  It lacks a straightforward and complete statement of the pertinent facts and fails to

articulate precisely what claim(s) is asserted as to which defendant.  While plaintiff has

attempted to match legal claims to defendants, it appears that nearly all legal claims are vaguely

being asserted as to all defendants.  However, given the text of the complaint the court can only

guess.  The confusing and dense fifty-five page First Amended Complaint names nearly fifty

defendants and sets forth a dizzying array of factual allegations that appears like a diary

recounting plaintiff's interactions in the City of Davis with various defendants concerning the

property he rents and incidents at city meetings and hearings.  Plaintiff also describes in detail,

most irrelevant, his problems with neighbors and his various medical ailments.  The court notes

that the First Amended Complaint in question here is not plaintiff's only attempt at amending the

pleading in this case, this action is now the fifth of plaintiff's cases that has come before this

court.[2]

---

[1] Plaintiff purports to assert a numerous state law tort claims.  Appended to that effort are purported claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 2000, and the Americans with Disabilities Act.  Dckt No. 1, Ex. A.

[2] The prior cases included several challenges to plaintiff's disqualification from the graduate program at the University of California, Davis ("UCD"), plaintiff's arrest by UCD police, holds on plaintiff's academic records and failure to enforce an administrative decision

1      The instant complaint alleges that the University Defendants conspired with the City of

2    Davis and Yolo County officials to harass plaintiff and inequitably enforce against him local

3    housing and nuisance ordinances in order to hamper plaintiff's ability to continue his other

4    litigation against UCD.  Compl. at 39.  Plaintiff states that defendants conspired to obtain

5    plaintiff's eviction from his Davis residence, one side of a rented duplex, while ignoring similar

6    violations by other neighbors on the same street.  Compl. at 11-12.  The complaint further

7    contends that several of the defendants conspired with UCD officials to slander plaintiff.  Compl.

8    at 7-8.

9      The complaint describes in detail the condition of the exterior grounds of plaintiff's

10    property, and plaintiff's efforts to comply with city directives.  Plaintiff recounts numerous

11    citations against him for ordinance violations; meetings with local officials, most of which

12    plaintiff states he recorded; site visits by city officials; plaintiff's interactions with his landlord,

13    plaintiff's neighbors and occupants of a nearby homeless encampment.

14      Throughout this recitation, plaintiff emphasizes his other prior and ongoing legal issues

15    with local and University officials.  At the heart of plaintiff's allegations is his assertion that

16    University officials are persecuting plaintiff to ensure that he does not return to the University, to

17    render him unable to retain housing in Davis and to prevent him from actively pursuing litigation

18    against the University.

19      Plaintiff sets forth a long menu of potential federal and state causes of action and asserts

20    generally that he should be permitted to amend his complaint pursuant to the court's instructions,

21    and to initiate discovery in order to elucidate the factual underpinnings of his claims.  For the

22    reasons discussed below, the court declines the invitation to suggest causes of action for plaintiff.

23      Plaintiff seeks injunctive relief and monetary damages in the amount of thirty million

24    dollars.  Compl. at 54.

25    _____

26    supporting plaintiff's reinstatement.  Plaintiff states that these matters remain outstanding in
pending state court actions.  Dckt. No. 23 at 2-3.

1          Plaintiff's Prior Cases

2          The first of plaintiff's federal suits was filed in 1994 against the Yolo County District

3   Attorney's Office, the Davis Police Department, the Regents of the University of California and

4   various University employees alleging numerous civil rights violations.  *Zochlinski v. County of*

5   *Yolo, et al.*, Civ. S-95-1687 DFL DAD PS.[3]  This action was dismissed for failure of the second

6   amended complaint to comply with the pleading requirements of Fed. R. Civ. P. 8, and as

7   frivolous under 28 U.S.C. § 1915.  The Ninth Circuit upheld the dismissal because the complaint

8   "is unintelligible."  *Zochlinski v. County of Yolo*, 1998 WL 78354 (9th Cir. 1998).

9          Plaintiff filed his second action in this court in 2002.  *Zochlinski v. University of*

10   *California, et al.*, Civ. S-02-2336 LKK DAD PS.  The court described plaintiff's amended

11   complaint as follows:  "The amended complaint . . . alleges that plaintiff 'has been involved with

12   the University of California as a student and/or employee from 1971 through 1976 and 1984

13   through 1992.' [] According to the amended complaint, plaintiff's efforts to attend and/or work

14   at the University have been thwarted by the more than one hundred named defendants, including

15   the Regents of the University of California and various departments and faculty, staff and

16   students associated with the University of California system over the past thirty years."  Case

17   No. Civ. S-02-2336 LKK DAD PS, Dckt. No. 7, at 3.  The court dismissed the amended

18   complaint for failure to comply with Fed. R. Civ. P. 8, as legally frivolous and failing to state a

19   claim.  Dckt. Nos. 7, 9.  The Ninth Circuit upheld the dismissal on the ground that "Zochlinski

20   failed to cure the deficiencies the Magistrate Judge identified in dismissing his original

21   complaint."  *Zochlinski v. Regents of University of Cal.*, 109 Fed. Appx. 893 (9th Cir. 2004).

22          Plaintiff's third action, *Zochlinski v. University of California, et al.*, Civ. S-04-1702 DFL

23   PAN PS, was filed in state court in 2003 and timely removed to this court in 2004.  The court

24   found this case virtually indistinguishable from plaintiff's second case, and dismissed the

25
26          [3] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*,
803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   complaint for failure to comply with Rule 8 and based on *res judicata* grounds.  Case No. Civ. S-

2   04-1702 DFL PAN PS, Dckt. Nos. 19, 24.  The court explained that further opportunity for

3   amendment would be futile, stating:  "Plaintiff has demonstrated time and again his inability to

4   cure deficiencies in his complaints despite ample opportunity, specific instructions and repeated

5   extensions of time.  It would, moreover, be unduly prejudicial to defendants to permit further

6   amendment of the pending complaint.  Defendants have been tasked for more than ten years with

7   defending the same set of facts in state and federal court.  Plaintiff's repeated filings coupled

8   with his failure adequately to present his claims suggests harassment as a motive this court

9   should not further tolerate."  *Id*., Dckt. No. 19, at 18.  The Ninth Circuit upheld the dismissal on

10  the ground that plaintiff's complaint failed to comply with the requirements of Rule 8, being

11  "'prolix in evidentiary detail, yet without . . . clarity as to whom [Zochlinski] [was] suing for

12  what wrongs.'"  *Zochlinski v. University of CA,* 246 Fed. Appx. 418, 419 (9th Cir. 2007).

13          The fourth of plaintiff's actions to come before this court was filed by plaintiff in 2008.

14  In that case, *Zochlinski v. University of California*, Civ. S-08-0024 LEW KJM PS, plaintiff again

15  challenges his disqualification from the UCD graduate program in 1993.  Although the court

16  granted in part defendants' motion to dismiss due to the failure of the complaint to comply with

17  the pleading requirements of Rule 8, the case remains administratively stayed pending resolution

18  of a mandamus action addressing the same claims in state court.  *See id*.; UC's Request for

19  Judicial Notice, Dckt. No. 13, Ex. C.

20          The instant complaint shares many of the same deficiencies as plaintiff's prior

21  complaints.  Plaintiff repeatedly requests the opportunity to amend his complaint once he

22  receives instructions from the court.  The court is mindful of plaintiff's litigation history and his

23  repeated failures to properly amend his complaints or abide by court orders, despite many

24  opportunities, in numerous cases.

25  ////

26  ////

LEGAL STANDARDS

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not

1   accept legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*,

2   643 F.2d 618, 624 (9th Cir. 1981).

3        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

4   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

5   *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

6   <u>DISCUSSION</u>

7        <u>Moving Defendants</u>

8        a. <u>University Defendants</u>

9        The University Defendants (University of California Regents, former UCD Chancellor

10  Larry Vanderhoef, and UCD Dean of Graduate Studies Jeffery Gibeling) move to dismiss

11  plaintiff's complaint with prejudice for failure to state a claim, pursuant to Fed. R. Civ. P.

12  12(b)(6).  Alternatively, these defendants seek dismissal of the complaint for failure to conform

13  to the pleading requirements of Fed. R. Civ. P. 8, or for more definite statement pursuant to Fed.

14  R. Civ. P. 12(e).  While the complaint names approximately thirty individuals associated with

15  the University as defendants, only the above-noted defendants were served with the summons

16  and complaint.[4]  Dckt. No. 1, at 1; Dckt. No. 12, at 4.  Other than listing their names on the civil

17  cover sheet, plaintiff does not set forth allegations against the additional defendants associated

18  with the University.

19       Plaintiff accuses the University Defendants of conspiring with various City of Davis

20  citizens and city employees to hamper plaintiff's various lawsuits against the University

21  Defendants by enforcing housing ordinances against him.  Compl. at 39.  Plaintiff also states that

22  the University Defendants conspired with and compelled others to slander him.  Finally, he

23  seems to be suggestion some vague claim under the American with Disabilities Act ("ADA").

24  Compl. at 7-8, 49.

25

26       [4]  Plaintiff has sought leave to proceed *in forma pauperis* so that he may have the other
defendants served with process for him.  That request is addressed in a separate section below.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3 d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

Plaintiff's allegations of conspiracy are entirely deficient and fail to state a claim. Plaintiff states that the University Defendants are responsible for the City of Davis citing plaintiff's property for being unkempt, despite plaintiff's admission that the property fell into disrepair. Compl. at 9. Plaintiff also believes that because some of his numerous city hearings regarding his property were scheduled the same day as court hearings, the University Defendants were somehow secretly behind the scheduling. Comp. at 15. Yet, plaintiff has not presented sufficient facts to support his allegations of a conspiracy, relying on conclusory statements that a conspiracy existed. The court need not accept legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Even viewing plaintiff's allegations in the light most favorable to plaintiff, the complaint fails to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

 Plaintiff's allegations that the University Defendants are in violation of the ADA are equally deficient. Plaintiff does not describe his disability, how the ADA was violated or any specific allegations against these defendants. Plaintiff merely states the defendants have violated the ADA. Compl. at 49. Even if plaintiff were to attempt to make a proper claim, he has not been employed by defendants or attended UCD for more than fifteen years. Dckt No. 12 at 8.

1    Plaintiff simply fails to articulate a federal cause of action against these defendants.

2    Moreover, the state law causes action and allegations predominate this case.  Accordingly, the

3    court recommends that supplemental jurisdiction over the state law claims be declined.  28

4    U.S.C. § 1367(c); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

5    Finally, even if the court were to assert supplement jurisdiction, plaintiff's allegations of

6    a conspiracy to slander as to these defendants are also insufficient and fail to state a claim.

7    Plaintiff states that Seth Merewitz, a named defendant associated with the Law Firm Defendants,

8    slandered him.  Compl. at 7.  Plaintiff states that Merewitz is a friend of Giebling, the UCD Dean

9    of Graduate Studies, and Merewitz was acting on behalf of Giebling.  Compl. at 7, 35.  Plaintiff

10   states that the University of California Regents are also liable as Merewitz and Giebling were

11   acting as their agents.  Compl. at 35-36.  Plaintiff's attempts to establish liability for the

12   University Defendants for slander are tenuous at best and without merit.  The few statements in

13   plaintiff's complaint regarding Giebling and Merewitz conspiring to slander him are

14   insufficient.[5]  Plaintiff simply states that Giebling and Merewitz reached a meeting of the minds

15   to slander plaintiff.[6]  The complaint does not contain sufficient factual matter to state a plausible

16   claim of relief for these allegations.

17   For the reasons stated above, the University Defendants, Regents of the University of

18   California, Larry Venderhoef and Jeffrey Gibeling, must be dismissed with prejudice.[7]

19   As a cautionary matter, plaintiff is admonished that even pro se litigants must comply

20   with Rule 11 of the Federal Rules of Civil Procedure.  This complaint does not stand in isolation

21

22   [5] Plaintiff was told that Merewitz stated to a Rabbi that plaintiff, "was not to be believed or trusted and that [plaintiff] was not sane."  Compl. at 7.

23   [6] Regardless, plaintiff learned of the comments in March 2006 and plaintiff did not file
24   the original complaint until March 2008.  There is a one year statute of limitations for slander in California, so plaintiff's claims are barred by the statute of limitations.  Cal. Civ. Proc. Code § 340.

25   [7] The remaining defendants associated with the University who have not been served
26   will be addressed below.

9

as to these defendants.  While the allegations in the instant complaint are different than those

from his prior complaints, plaintiff has attempted to attach liability to the University Defendants

when it is clear that the University Defendants have no connection to the instant complaint.

Based on plaintiff's history of lawsuits against the University Defendants, it appears that plaintiff

has named them in the instant complaint merely to continue a pattern of dubious litigation

against these defendants.  Plaintiff is therefore admonished that filing pleadings in this court in

violation of Rule 11 would well serve as the basis for monetary sanctions against him.  Rule 11

sanctions may be imposed  "when a filing is 'frivolous,' meaning that it is 'baseless and made

without a reasonable and competent inquiry.'"  *Townsend v. Holman Consulting Corp.*, 929 F.2d

1358, 1362 (9th Cir. 1990).  Should plaintiff file a new complaint with baseless allegations

against these defendants plaintiff may well expose himself to monetary sanctions under Rule 11.

> b. Local Defendants

The Local Defendants (City of Davis, Lorrie Thornton, Mark Wood, Elvia Garcia-Ayala,

Don Saylor, William Emlen, Tanya Nakatani, Steven Pierce, Katherine Hess and County of

Yolo) also move to dismiss plaintiff's complaint with prejudice for failure to state a claim,

pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's allegations against the Local Defendants involve the City of Davis requesting

plaintiff to clean his property, then obtaining a warrant to inspect the property and citing plaintiff

when the property was not cleaned.  Plaintiff alleges that these defendants violated his civil

rights in a myriad of instances and were acting at the behest of the University Defendants as part

of the larger conspiracy to prevent plaintiff from litigating his lawsuits.  Plaintiff states that an

'informant' told him the objective of the city was to continue harassing him until he left Davis.

Compl. at 20.

The City first requested plaintiff clean his property in August 2006.  Compl. at 10.

Plaintiff admits that the state of his property degenerated during this period and was used as a

garbage dump by members of a nearby homeless encampment.  Compl. at 9.  In April 2007, City

1  Inspector Lorrie Thornton arrived at plaintiff's property with a County of Yolo employee and

2  requested entry onto the property.  Compl. at 11.  Plaintiff refused them entry, and he does not

3  allege any City or County employee entered his property without permission on this date.  *Id.*

4      In August of 2007, the City obtained a warrant to inspect his property and gave plaintiff

5  advanced notice of the warrant.  Compl. at 15.  After taking up the matter with the Yolo County

6  Superior Court, the warrant was narrowed to allow inspection of only the outside of the property.

7  Compl. at 15-16.  Thornton and a number of inspectors from the City and the County inspected

8  the outside of the plaintiff's property according to the warrant.  Compl. at 16.

9      Plaintiff appealed Thornton's unspecified conclusions after the inspection, but

10  Thornton's conclusions were upheld by another defendant, City hearing officer Elvia

11  Garcia-Ayala.  Compl. at 18, 21.  Yolo County Superior Court then denied plaintiff's request for

12  a temporary restraining order.  Compl. at 22.  Since that date, plaintiff had been repeatedly cited

13  for the condition of his property.  Compl at 22, 23, 32, 34.  He alleges that the property was

14  finally cleaned by mid-September, 2008, over two years after the City initially contacted him.

15  Compl. at 33-34.

16      The majority of plaintiff's causes of action regarding these allegations are wholly

17  inapplicable.  For example, plaintiff names the City of Davis as liable for a city attorney who

18  allegedly breached an ethical rule of the State Bar of California.  He cites no authority, and the

19  court has none, that would allow plaintiff to recover damages in this context.

20      Plaintiff also cites to 42 U.S.C. § 1982 claiming he is a victim of discrimination.  Section

21  1982 entitles all citizens of the United States to the same right as is enjoyed by white citizens "to

22  inherit, purchase, lease, hold, sell, and convey real and personal property."  42 U.S.C. § 1982.  In

23  order to state a claim under section 1982, plaintiff must allege racial discrimination.  *See West*

24  *Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1527 (9th Cir. 1990).  Plaintiff alleges

25  the discrimination here is because he is Jewish.  However, other than his numerous conclusory

26  statements that he is the victim of discrimination, plaintiff has presented no facts that

1   demonstrate discrimination in the local law enforcement on the basis of his religion.  Ultimately,

2   section 1982 does not apply to the facts alleged in the complaint and plaintiff has failed to plead

3   sufficient facts that set forth any viable discrimination claim.[8]

4           The court has attempted to construe any manner by which plaintiff could have a viable

5   cause of action against the Local Defendants with respect to the inspectors obtaining a warrant,

6   searching and then citing plaintiff's property.  It is simply unable to do so.  Plaintiff's claims

7   against Thornton, Garcia-Ayala, the City of Davis, Yolo County and other inspectors are

8   meritless.  The defendants' actions did not violate plaintiff's rights nor did the process by which

9   the defendants' obtained the warrant and cited plaintiff's property violate plaintiff's rights.

10  Defendants properly obtained the warrant and plaintiff was allowed to appeal the findings

11  regarding the citations.[9]

12          Plaintiff admits that his property fell into disrepair and needed to be cleaned.  From his

13  own allegations it seems that the City was justified in its actions.  Defendants did not enter the

14  property when instructed not to by plaintiff, and instead only entered after obtaining a warrant.

15  Plaintiff may feel that the City pursued this course of conduct as part of the greater conspiracy

16  against him.  However, as previously stated, plaintiff's claims that the City of Davis was

17  harassing him at the behest of the University Defendants are unsupported by any of the specific

18  facts alleged in the complaint.

19          Plaintiff also has failed to plead sufficient facts regarding the other named Local

20  Defendants.  Plaintiff alleges that Katherine Hess and Tanya Nakatani sent emails regarding

21  plaintiff's property.  Compl. at 33.  Plaintiff assert that he saw emails on the screen of a city

22  employee's computer, but provides no other information and does not describe the content of the

23

24      [8]  Plaintiff also alleges claims under 42 U.S.C. § 1981, 1985, 1986 and 2000a.  Yet,
    plaintiff has not pled facts to establish the elements for a claim under these sections.

25

26      [9]  Plaintiff does not specifically allege any procedural due process violations nor has the
    court found any.

emails.  *Id*.  It is alleged that Don Saylor listened to plaintiff's complaints about city policies and that Saylor was offended by plaintiff's opinions and then retaliated against plaintiff.  Compl. at 44.  Plaintiff provides no other information on how Saylor retaliated against him.  Assistant Chief of Davis Police Steven Pierce, is also named as a defendant.  Pierce spoke with plaintiff several times after plaintiff's home was burglarized, and sent officers to speak with plaintiff on other occasions.  Comp. at 14.  Despite these efforts, plaintiff is unhappy with the progress on solving his case and apparently feels this is part of the conspiracy against him.  These allegations simply do not state a federal cause of action under any of the statutes cited in the complaint.

The claims against all the Local Defendants must be dismissed for failure to state a claim.  Even viewing the allegations in a light most favorable to plaintiff, he has not articulated a claim or claims entitling to relief against these defendants.  The court has considered at length whether plaintiff should be granted leave to amend as to these defendants.  A pro se plaintiff ordinarily would be granted another opportunity to articulate a coherent claim.  But plaintiff has had many such opportunities in his previous filings in this court and has routinely abused the lenity accorded to him, including multiple opportunities to amend.  In the prior cases described above, plaintiff has failed to follow the instructions given by the court.

Moreover, the court cannot discern any way that plaintiff could cure the defects of his claims against the Local Defendants.  The court has attempted to construe plaintiff's facts into any manner that could lead to a viable claim, but has been unable to do so.  The heart of the plaintiff's complaint describes how the City of Davis properly cited plaintiff's property and then gave him several years to rectify the situation, properly complying with all due process requirements.  Thus, the City of Davis, Lorrie Thornton, Mark Wood, Elvia Garcia-Ayala, Don Saylor, William Emlen, Tanya Nakatani, Steven Pierce, Katherine Hess and County of Yolo should be dismissed with prejudice and plaintiff should not be granted leave to amend as to these defendants.

////

13

1      c. <u>Law Firm Defendants</u>

2      The Law Firm Defendants include the law firm of McDonough Holland & Allen, which

3   serves as general counsel for the City of Davis,  and Harriet Steiner, Seth Merewitz and Kara

4   Ueda who are shareholders in McDonough Holland & Allen.  Harriet Steiner is also the principal

5   attorney for the City of Davis.  Defs.' Mot. to Dism., Mem. in Supp., Dckt. No. 17, at 2.

6      Plaintiff's claims against the Law Firm Defendants involve the defendants' operating in

7   their official capacity as attorneys for the City of Davis.  Plaintiff contends that the law firm and

8   its attorneys, Steiner and Ueda, are liable for their role in preparing the affidavit used to obtain

9   the search warrant for plaintiff's property.  Compl. at 38, 41.  Plaintiff also accuses Merewitz of

10  slandering him while speaking to a local Rabbi.[10]  Plaintiff states the McDonough Holland &

11  Allen is liable, as it employs Merewitz.  Compl. at 35.

12      Plaintiff's claims regarding defendants obtaining the warrant are hard to decipher.  In any

13  event, as defendants argue, they are immune from liability for acts performed during the legal

14  process of obtaining a warrant.  Defendants further argue that they are immune for acts

15  performed in carrying our their official duties for the City of Davis.  Plaintiff states that

16  defendants Ueda and Steiner wrote the affidavit to secure the warrant without probable cause and

17  without any support in the affidavit.  Compl. at 38.  Significantly, plaintiff does not accuse the

18  defendants of misrepresenting facts in the warrant.  Rather, he accuses them of drafting a poorly

19  written or deficient affidavit and seeking a warrant on such a deficient document.  Compl. at 38,

20  41.  He plainly seeks to attach liability for the act of a prosecutor presenting an application to the

21  court for a warrant and the claim is barred.  *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v.*

22  *Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005)

23  ////

24

25      [10]  Plaintiff compares Merewitz to individuals who betrayed Jews to the Nazis and describes him as "an individual of limitless ambition and hunger for power and absolutely no integrity.  He was best remember for disparaging the ethics class at law school and his

26  mistreatment of woman students."  Compl. at 8.

1    ("Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is

2    'intimately associated' with the judicial phase of the criminal process.").

3         Originally, defendants sought a warrant that included authorization to search the inside of

4    plaintiff's premises.[11]  However, that part of the warrant was denied by a state judge.  Instead,

5    the warrant issued by the judge restricted the inspection to the outside of the property.  Nothing

6    in plaintiff's allegations demonstrates that the warrant was inappropriate for an inspection of the

7    outside of his property.  Defendants inspected the outside of the property for one hour while

8    plaintiff videotaped them.  Compl. at 16.  Findings were submitted to the City, which plaintiff

9    appealed, but his appeal was denied and plaintiff eventually cleaned the property.

10        Ultimately, plaintiff's allegations fail to satisfy the standards outlined in *Ashcroft v.*

11   *Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  Plaintiff has not described any misconduct on

12   behalf of the City.  Plaintiff admits that the property was in disrepair.  His own complaint shows

13   that the City of Davis obtained a warrant to inspect the property because of its cluttered

14   condition, in apparent violation of several city ordinances.  The facts as alleged in the complaint

15   simply fail to demonstrate a constitutional violation.

16        The court need not address the issue of qualified immunity as plaintiff's allegations do

17   not approach the threshold that would allow the court to draw any reasonable inferences that the

18   defendants acted outside the scope of their prosecutorial immunity or are otherwise liable for the

19   alleged misconduct.  The complaint fails to articulate a Fourth Amendment violation, and as

20   previously stated, plaintiff's claims of conspiracy and discrimination are without merit as there is

21   no indication that defendants were motivated by any class based animus or as part of a

22   conspiracy.

23         Accordingly, the Law Firm Defendants, the firm of McDonough Holland & Allen,

24   Harriet Steiner, Seth Merewitz and Kara Ueda should be dismissed with prejudice.  Moreover,

25

26        [11] Nor does plaintiff make any allegations that the defendants misrepresented facts when
     drafting portions of the affidavit that related to a search inside of the premises.  Compl. at 38, 41.

15

1  for the reasons discussed in the prior section, further amendment cannot cure the deficiencies of

2  these claims.  Thus, they should be dismissed without further leave to amend.

3       State Law Claims

4       For the reasons set forth above, all federal claims against all currently served defendants

5  must be dismissed.  Accordingly, the undersigned recommends that the court decline

6  supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c).  *Acri v.*

7  *Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  Plaintiff's numerous state

8  law claims and disputes predominate his complaint.

9       Nonmoving Defendants/Request to Proceed *In Forma Pauperis*

10      Plaintiff seeks to pursue claims against several defendants who have not yet been served.

11  To that end, he seeks leave to proceed *in forma pauperis*.[12]  Dckt. No. 29.

12      Plaintiff's affidavit submitted pursuant to § 1915(a) shows that he is unable to prepay

13  fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis

14  will be granted in that regard.  28 U.S.C. § 1915(a).  However, that does not end the matter.

15  Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the case or claims if at any time it

16  determines that the claims are frivolous or malicious, fail to state a claim on which relief may be

17  granted, or seek monetary relief against an immune defendant.

18      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

20  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21  indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

22  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23  pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

24  Cir. 1989); *Franklin*, 745 F.2d at 1227.  The federal claims that plaintiff seeks to pursue as to the

25

26      [12]  He states that he wishes to proceed *in forma pauperis* to aid in serving the remaining
defendants who were not served when this case was removed from state court.  Dckt. No. 27.

1   unserved defendants fails to meet this test.

2         A complaint must contain more than a "formulaic recitation of the elements of a cause of

3   action;" it must contain factual allegations sufficient to "raise a right to relief above the

4   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

5   "The pleading must contain something more...than...a statement of facts that merely creates a

6   suspicion [of] a legally cognizable right of action." *Id.*, quoting 5 C. Wright & A. Miller,

7   Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain

8   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9   *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct.

10  1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12  *Id*.

13        Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92

14  S. Ct. 594, 595-96 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.

15  1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

16  proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal.

17  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230.

18        The remaining defendants include approximately thirty individuals associated with the

19  University of California, Davis and defendant's neighbor, Judith Blum and her unnamed son.

20  Other than being listed as defendants, there are no allegations against the individuals associated

21  with the University. For the reasons previously discussed, the federal claims against the

22  defendants associated with the University are wholly frivolous and devoid of merit and appear to

23  be in this complaint solely to continue plaintiff's pattern of harassment against these individuals.

24  These defendants should be dismissed with prejudice.

25        Plaintiff's federal civil rights claims against Judith Blum and her son are also frivolous

26  and fail to state a claim on which relief could be granted. According to the complaint, an

1  obscenity was painted on Blum's driveway and Blum's son talked to neighbors on the street

2  attempting to find out who was responsible.  Compl. at 9.  Plaintiff states that Blum and her son

3  believed plaintiff was involved.  Plaintiff accuses these defendants of slandering him and as a

4  result, "his [other] neighbors had shunned him and had not formed friendships with him . . ."

5  Compl. at 14.  Plaintiff makes no specific allegations, but states these defendants talked to other

6  neighbors and expressed the belief that plaintiff was responsible for the vandalism.  *Id*.

7  Plaintiff's allegations do not state any viable federal statutory claim against Blum and her son.[13]

8          The defendants associated with the University and Blum and her son should be dismissed

9  without leave to amend.  As the court previously noted, plaintiff has a history of filing frivolous

10  complaints and then failing to properly amend.  Based on the allegations plaintiff has set forth

11  there is no manner in which plaintiff could cure the defects of this complaint to properly state a

12  federal civil rights claim against these defendants.

13          Accordingly, IT IS HEREBY ORDERED that plaintiff's May 19, 2009, request to

14  proceed *in forma pauperis*, Dckt No. 29, is granted.

15          Further, IT IS HEREBY RECOMMENDED that:

16          1.  The motions to dismiss, Dckt. Nos. 12, 16, 17, be granted and all moving defendants

17  be dismissed with prejudice;

18          2.  The remaining unserved defendants be dismissed without leave to amend pursuant to

19  28 U.S.C. § 1915(e)(2) for failure to state a cognizable claim;

20  ////

21

22          [13]  Moreover, as addressed above, the court declines to recommend asserting supplement
jurisdiction over the state law claims.  The federal claims are wholly without merit appear to
23  have been appended to a predominately state law dispute.  Furthermore, even if the court were to
assert supplemental jurisdiction the state tort claims are also premised on merely conclusory
24  statements without factual allegations sufficient to state a cause of action.   In addition, if the
court were to serve defendants, the claims are beyond on the statute of limitations.  Plaintiff
25  states the claims arose in June and July 2006.  Compl. at 9-10.  Plaintiff filed the original
complaint in this action in March 2008.  The statute of limitations for slander is one year, thus
26  plaintiff's claims would be untimely.  California Code Civil Procedure § 340.

1        3.  The court decline supplemental jurisdiction over the state law claims pursuant to 28

2    U.S.C. § 1367(c); and

3        4.  The Clerk be directed to close the case.

4        These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

10   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11   DATED:  January 27, 2010.

12

13                  EDMUND F. BRENNAN

                  UNITED STATES MAGISTRATE JUDGE